IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BENCHMARK ELECTRONICS, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 3:11-cv-206 |
| § | |
| FALVEY CARGO UNDERWRITING, § | |
| LTD. and CERTAIN UNDERWRITERS AT § | |
| LLOYDS OF LONDON SUBSCRIBING § | |
| TO POLICY NO. MC2336, § | |
| § | |
| Defendants. § | |
| § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Plaintiff Benchmark Electronics, Inc. ("Plaintiff") and Defendants Falvey Cargo Underwriting, Ltd. and Certain Underwriters at Lloyds of London Subscribing to Policy No. MC2336 ("Defendants") have conferred and submit this Joint Discovery/Case Management Plan:

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The parties conferred by telephone on Wednesday, June 1, 2011. The following counsel participated:

    *For Plaintiff:*

    Eric T. Furey
    Texas Bar No. 07553900

    E-mail: EFurey@jrgpc.com
    Gilbert & Gilbert PLLC
    222 N Velasco St
    Angleton, TX 77515
    Tele:   979.849.5741
    Fax:    979.849.7729

Rikke Dierssen-Morice
Minnesota Bar No. 237826
E-mail: rmorice@faegre.com
Matthew B. Kilby
Minnesota Bar No. 0335083
E-mail: mkilby@faegre.com
Faegre & Benson LLP
90 South 7th Street, Suite 2200
Minneapolis, MN 55402
Tele:   612.766.7000
Fax:    612.766.1600

*For Defendants:*

James W. Carbin
Attorney-in-Charge
New York Bar No. 1656487
New Jersey Bar No. 86182
Federal I.D. No. 352246
JWCarbin@duanemorris.com
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889
Tele:   973.424.2035
Fax:    973.556.1144

R. Brandon Bundren
Texas Bar No. 24050353
Federal I.D. No. 608098
rbbundren@duanemorris.com
Duane Morris LLP
1330 Post Oak Blvd., Ste 800
Houston, Texas 77056
Tele: 713.402.3900
Fax: 713.402.3901

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **<u>Briefly</u> describe what this case is about.**

    This is a marine cargo insurance claim coverage dispute. Plaintiff alleges that certain electronics it manufactures were damaged by salt water during ocean transit from

Singapore to Texas, resulting in a loss of approximately $3.2 million. Plaintiff further alleges that Defendant underwriters breached an operative insurance policy and engaged in unfair settlement practices in violation of Texas Insurance Code § 541.060 in the course of denying coverage of Plaintiff's claim.

4. **Specify the allegation of federal jurisdiction.**

   *For Defendants:*

   This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because this suit is between Plaintiff, a citizen of Texas, and Defendants, citizens of Rhode Island and of the United Kingdom, and the amount in controversy exceeds $75,000, exclusive of interests and costs, and the Court also has Admiralty jurisdiction under 28 U.S.C. § 1331.

5. **Name the parties who disagree and the reasons.**

   *For Plaintiff:*

   Defendants improperly removed this action to federal court. Defendants waived any right to remove this action from Plaintiff's selected Texas state court forum by agreeing in the insurance policy at issue to "submit to the jurisdiction of any Court of competent jurisdiction within the United States" with respect to coverage disputes. Accordingly, Plaintiff has moved to remand this action to Texas state court. [Dkt. #6.] Plaintiff's motion will be fully briefed on June 24, 2011.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties will make their initial disclosures on or before Wednesday, June 15, 2011.

10. **Describe the proposed agreed discovery plan, including:**

a.  **Responses to all the matters raised in Rule 26(f).**

   No changes should be made to the form or requirement for disclosures under Rule 26(a). Nor should changes be made in the limitations on discovery imposed by the Federal Rules or by local rule. The parties do not anticipate special issues relating to the disclosure of electronically stored information that would require the Court's attention.

b.  **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff anticipates sending interrogatories to both Defendants within a reasonable time after the initial pre-trial conference.

c.  **When and to whom the defendant anticipates it may send interrogatories.**

   Defendants anticipate sending interrogatories to Plaintiff within a reasonable time after the initial pre-trial conference.

d.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates deposing a representative of Falvey Cargo Underwriting, Ltd.; a representative of the Lloyds of London underwriters; Robert Falvey; and Douglas E. Orrell. This is not an exhaustive list. Plaintiff anticipates that it will take oral depositions after the parties exchange written discovery, but reserves the right to take oral depositions within a reasonable time after the initial pre-trial conference.

e.  **Of whom and by when the defendant anticipates taking oral depositions;**

   Defendants anticipate deposing Plaintiff's corporate representatives, its surveyor, and Plaintiff's customer. This is not an exhaustive list. Defendants anticipate that they will take oral depositions after the parties exchange written discovery.

f.  **When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   Plaintiff will designate its experts and provide the reports required by Rule 26(a)(2)(B) on or before January 31, 2012.

   Defendants will designate their experts and provide the reports required by Rule 26(a)(2)(B) on or before March 1, 2012.

    **g.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff and Defendants will complete all expert discovery on or before April 27, 2012.

    **h.**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff and Defendants will complete all expert discovery on or before April 27, 2012.

**11.**     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

**12.**     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.**     **State the date the planned discovery can be reasonably completed.**

Plaintiff and Defendants believe that fact discovery can be reasonably completed by November 30, 2011.

Plaintiff and Defendants believe that expert discovery can be reasonably completed by April 27, 2012.

**14.**     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff and Defendants discussed the possibilities for a prompt settlement or resolution of this dispute and agreed that a prompt settlement in this case is unlikely.

**15.**     **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Plaintiff and Defendants participated in extended discussions of resolution of this dispute prior to the filing of the lawsuit by Plaintiff.

**16.**     **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff and Defendants agree that mediation would be reasonably suitable for resolving this dispute at the appropriate time.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not presently agree to a trial before a United States Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

A jury demand has not been made.

19. **Specify the number of hours it will take to present the evidence in this case**

Plaintiff and Defendants anticipate that it will take 5 days (40 hours) to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand. [Dkt. 6]. By this Court's June 16, 2011 Order [Dkt. 10], Defendants' Response to Plaintiff's Motion to Remand is due on or before July 1, 2011 and Plaintiff's Reply, if any, is due on or before July 8, 2011.

21. **List other motions pending.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff filed its disclosure statement on June 13, 2011. [Dkt. 8].

Defendants filed their disclosure statement on May 4, 2011. [Dkt. 4].

**24.** List the names, bar numbers, addresses and telephone numbers of all counsel.

*For Plaintiff:*

John R. Gilbert
Texas Bar No. 07898500
Federal I.D. 3754
E-mail: JGilbert@jrgpc.com
Eric T. Furey
Texas Bar No. 07553900

E-mail: EFurey@jrgpc.com
Gilbert & Gilbert PLLC
222 N Velasco St
Angleton, TX 77515
Tele:   979.849.5741
Fax:    979.849.7729

Rikke Dierssen-Morice
Minnesota Bar No. 237826
E-mail: rmorice@faegre.com
Matthew B. Kilby
Minnesota Bar No. 0335083
E-mail: mkilby@faegre.com
Faegre & Benson LLP
90 South 7th Street, Suite 2200
Minneapolis, MN 55402
Tele:   612.766.7000
Fax:    612.766.1600

*For Defendants:*

James W. Carbin
Attorney-in-Charge
New York Bar No. 1656487
New Jersey Bar No. 86182
Federal I.D. No. 352246
JWCarbin@duanemorris.com
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889
Tele:   973.424.2035
Fax:    973.556.1144

- 8 -

R. Brandon Bundren
Texas Bar No. 24050353
Federal I.D. No. 608098
rbbundren@duanemorris.com
Duane Morris LLP
1330 Post Oak Blvd., Ste 800
Houston, Texas 77056
Tele: 713.402.3900
Fax: 713.402.3901


*s/ John R. Gilbert by permission R. Brandon Bundren*　　　　June 17, 2011
Counsel for Plaintiff　　　　　　　　　　　　　　　　　　　　Date

*s/ R. Brandon Bundren*　　　　June 17, 2011
Counsel for Defendants　　　　Date

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of June, 2011 I electronically filed the **JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)** with the Clerk of this Court using the CM/ECF system and have served all counsel of record via certified mail, return receipt requested as follows.

>John R. Gilbert
>Eric T. Furey
>G ILBERT & G ILBERT PLLC
>222 N Velasco St
>Angleton, TX 77515
>
>Rikke Dierssen-Morice
>Matthew B. Kilby
>F AEGRE & B ENSON LLP
>90 South 7th Street, Suite 2200
>Minneapolis, MN 55402
>
>*Attorneys for Plaintiff*

*s/ R. Brandon Bundren*
R. Brandon Bundren
