**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| BENCHMARK ELECTRONICS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. G-11-206 |
| | § | |
| FALVEY CARGO UNDERWRITING, | § | |
| LTD. and CERTAIN UNDERWRITERS AT | § | |
| LLOYDS OF LONDON SUBSCRIBING | § | |
| TO POLICY NO. MC2336, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

By *s/ R. Brandon Bundren*
James W. Carbin
Attorney-in-Charge
New York Bar No. 1656487
New Jersey Bar No. 86182
Federal I.D. No. 352246
JWCarbin@duanemorris.com
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889
Tele:        973.424.2035
Fax:         973.556.1144


R. Brandon Bundren
Texas Bar No. 24050353
Federal I.D. No. 608098
RBBundren@duanemorris.com
Duane Morris, LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tele:        713.402.3910
Fax:         713.402.3901


ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING.........................................................................1

STATEMENT OF ISSUES ............................................................................................................4

      I.      Whether Remand is Required by the Service Of Suit Clause?............................. 4

      II.     If Remand is Ordered, is Benchmark Entitled to Recover its Costs and
             Expenses?.............................................................................................................. 4

SUMMARY OF THE ARGUMENT .............................................................................................5

ARGUMENT AND AUTHORITIES.............................................................................................6

      I.      The Service Of Suit Clause Does Not Waive Underwriters' Right To
           Remove ................................................................................................................. 6

      II.     The Service Of Suit Clause Merely Provides That Underwriters Consent
           To Jurisdiction; It Does Not Confer a Specific Court............................................. 9

      III.    Alternatively, Assuming the Case is Remanded, Benchmark Is Not
            Entitled To Costs And Expenses........................................................................ 12

CONCLUSION.............................................................................................................................16

DM1\2713172.1

# <u>TABLE OF AUTHORITIES</u>

## Federal Cases

*Alliantgroup, L.P. v. Feingold*, 2009 U.S. Dist. LEXIS 16086 (S.D. Tex. Mar. 2, 2009) ..........4, 6

*Autoridad de Energia Electrica de P.R. v. Ericcson Inc.*, 201 F.3d 15 (1st Cir. 2000)................13

*City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187, 125 S. Ct. 1396, 161 L. Ed.2d 189 (2005) ...................................4, 7, 9

*City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991) .............................................7, 9

*Cook v. Wikler*, 320 F.3d 431 (3d Cir. 2003).............................................................................13

*Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853 (5th Cir. 2003) ........................................... 10-11

*In re Delta America Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990), *cert. denied sub nom, Wright v. Arion Ins. Co.*, 498 U.S. 890, 111 S. Ct. 233, 112 L. Ed. 2d 193 (1990) ...........8, 15

*Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 44 (5th Cir. 2009).............. 6-9, 15

*Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550 (9th Cir. 1991).........4, 12, 14

*Kamm v. Itex Corp.*, 568 F.3d 752 (9th Cir. 2009) ................................................................. 13-14

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)........................................................................................................................14

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)........................................................................................................................5, 15

*McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991) ............................................................................. 4, 6-9, 12, 13, 15

*Morrison Grain Co., Inc. v. Utica Mut. Ins. Co.*, 632 F.2d 424 (5th Cir. 1980) ......................6, 15

*Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999)........................................................ 13-14

*Southland Oil Co., Inc. v. Mississippi Ins. Guar. Assoc.*, 182 Fed. Appx. 358 (5th Cir. 2006) .......................................................................................................................8-9, 15

## State Cases

*Ace Ins. Co. v. Zurich American Ins. Co.*, 59 S.W.3d 424 (Tex. App.— Houston [1st Dist.] 2001, pet. denied)................................................................................... 9-10

*Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210 (Tex. Civ. App.—Amarillo 1981, writ ref'd n.r.e.) ......................................................................................................................4

**Federal Statutes and Rules of Court**

28 U.S.C. § 1447 (c) ................................................................................................2, 4-5, 12-15

**Texas Statutes and Rules of Court**

*Tex. Ins. Code § 804.103* .......................................................................................................10

*Tex. Ins. Code § 982.303* .......................................................................................................10

**Other Authorities**

3 Couch on Ins. 3d §  3:26 ......................................................................................................10

16 Couch on Ins. 3d § 228.14 ..............................................................................................7, 10

http://marketdirectories.lloyds.com/BuildPages.aspx?Page=4 ...............................................11

https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=9059029 ...................................11

16-107 Moore's Federal Practice – Civil § 107.18 [1][e].........................................................14

16-107 Moore's Federal Practice – Civil § 107.41 [3][a][1] .................................................. 12-13

*NAIC Model Laws, Regulations and Guidelines 870-1, § 9* ........................................................10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| BENCHMARK ELECTRONICS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. G-11-206 |
| | § | |
| FALVEY CARGO UNDERWRITING, | § | |
| LTD. and CERTAIN UNDERWRITERS AT | § | |
| LLOYDS OF LONDON SUBSCRIBING | § | |
| TO POLICY NO. MC2336, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Benchmark Electronics, Inc.'s ("Benchmark") motion to remand is lacks support.  Benchmark concedes that this Court has jurisdiction based upon the parties' diversity of citizenship and Admiralty jurisdiction, but argues that a service of suit clause in the Marine Cargo Policy somehow waives Underwriters' right to remove.  Benchmark's argument ignores controlling Fifth Circuit precedent and its motion should be denied.

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Benchmark Electronics, Inc. brought this action for coverage under Marine Cargo Insurance Policy No. MC2336 ("Policy") issued by defendants Certain Underwriters at Lloyd's of London ("Underwriters") to Benchmark. [Docket No. 1-1 at p. 40, Amended Petition].  Benchmark claims for coverage for multiple shipments of machines from Benchmark's Singapore facility to its Austin, Texas facility. [*Id.* at p. 42, ¶14].

Benchmark filed suit in the District Court of Brazoria County, Texas. [*Id.*]  Underwriters timely removed the case to this Court on April 27, 2011 based upon the Parties' diversity of

citizenship and admiralty jurisdiction. [Docket No. 1, Notice of Removal].   Underwriters answered Benchmark's Petition on May 4, 2011. [Docket No. 3, Defendants Original Answer].

On May 26, 2011, Benchmark filed and served its motion to remand. [Docket No. 6]. Benchmark's only argument is that the Policy contains a Service of Suit clause providing that Underwriters agree to be subject to jurisdiction in a United States Court somehow also constitutes a forum selection clause that supersedes Underwriters' right to remove the action, while conceding this Court has jurisdiction. [*Id.*]   Benchmark further seeks its costs and fees incurred in moving to remand pursuant to 28 U.S.C. § 1447 (c). [*Id.*]

The Service Of Suit Clause provides:

> 72.     SERVICE OF SUIT:
>
> It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and or Canada and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
>
> It is further agreed that service of process in such suit may be made upon:

| U.S.A. | CANADA |
|---|---|
| MENDES AND MOUNT | M.J. OPPENHEIM C.A. |
| 750 Seventh Avenue | 1155, Rue Metcalfe, Suite 1540 |
| New York, New York 10019 | Montreal, Quebec, Canada H3B |

> and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.
>
> The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the

2

request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be serviced any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

[Docket No. 1-1 at p. 34] (the "Service Of Suit" clause).

The Title of the Service Of Suit clause expresses its purpose—to confirm that Underwriters agree to submit to be sued in the United States and not to force the insured to bring suit in the United Kingdom in the event of a dispute. The clause fulfills the regulatory requirement that foreign Underwriters make themselves available to suit in the United States when insuring a risk here. The clause does this by agreeing that Underwriters are subject to suit in any court that has jurisdiction over the matter, i.e. "any Court of competent jurisdiction within the United States…." It is not a forum selection clause as Benchmark argues. The clause does not provide either party with the unilateral ability to fix a particular court, and clearly does not set forth a clear and express waiver of the right to remove a matter to federal court when the facts permit. Any such reading ignores the plain terms of the clause and its purpose. Indeed, the Southern District of Texas qualifies under the clause as a "Court of competent jurisdiction within the United States …."

## STATEMENT OF ISSUES

**I.     Whether Remand is Required by the Service Of Suit Clause?**

This Court may remand a case pursuant to statute, a contract between the parties, or when it has discretion to dismiss the action. *McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991).

For a forum selection clause to waive the right to remove the waiver must be clear and unequivocal. *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187, 125 S. Ct. 1396, 161 L. Ed.2d 189 (2005) *and Alliantgroup, L.P. v. Feingold*, 2009 U.S. Dist. LEXIS 16086, *7 (S.D. Tex. Mar. 2, 2009) [Appendix Tab ("App. Tab") 1 at p. 3.]  Consent to jurisdiction alone is insufficient; the forum selection clause must clearly demonstrate the parties intent to make the that jurisdiction exclusive. *Id.*  If a forum selection clause is not clear, unequivocal and mandatory, the clause is permissive and does not waive the right to remove. *Id.*

Where a party alleges that the right to remove was waived by agreement, that party (in this case, Benchmark) has the burden of proof on all material provisions of the agreement. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. Civ. App.—Amarillo 1981, writ ref'd n.r.e.). *See also Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 554 (9th Cir. 1991).

**II.    If Remand is Ordered, is Benchmark Entitled to Recover its Costs and Expenses?**

This Court may order payment of costs and expenses if remand is based upon "any defect" in removal or the lack of subject matter jurisdiction. 28 U.S.C. § 1447 (c) *and Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.,* 940 F.2d 550, 555 (9th Cir. 1991).  The award of costs and expenses is discretionary, but improper when there is an objectively reasonable basis

for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136; 126 S. Ct. 704, 709; 163 L. Ed. 2d 547, 552-553 (2005).

## SUMMARY OF THE ARGUMENT

Removal is proper.   Benchmark concedes this Court has diversity jurisdiction and admiralty jurisdiction.  The Fifth Circuit has repeatedly held that the Service Of Suit clause is not sufficient to constitute the waiver of the right to remove in any case.  The Fifth Circuit precedent and plain language of the Service Of Suit Clause confirm that it merely expresses Underwriters agreement to provide a United States agent for service of process and to consent to jurisdiction in the United States.

Benchmark is not entitled to recover its costs or expenses because removal was proper. Even if the case were remanded based upon the Service Of Suit clause, the remand is not based upon 28 U.S.C. § 1447 (c) and there is no authority to award fees.  Even assuming that there were any authority to support Benchmark's claim for costs and expenses, costs cannot be awarded when an objectively reasonable basis for removal exists.  The Fifth Circuit precedent establishes that Underwriters removal was, at a minimum, objectively reasonable.

## ARGUMENT AND AUTHORITIES

**I.      The Service Of Suit Clause Does Not Waive Underwriters' Right To Remove**

Benchmark's motion to remand is baseless.  Benchmark simplistically argues that the Service Of Suit clause constitutes a waiver of Underwriters right to remand while conceding the existence of the Court's diversity and admiralty jurisdiction. *See Morrison Grain Co., Inc. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 428, n. 4 (5th Cir. 1980).

Benchmark ignores controlling Fifth Circuit precedent in *McDermott International, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991), construing an essentially identical clause and rejecting all of Benchmark's arguments.

In the Fifth Circuit:

> "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) [*cert. denied*, 543 U.S. 1187, 125 S. Ct. 1396, 161 L. Ed.2d 189 (2005)].
>
> \*\*\*
>
> There are three ways in which a party may clearly and unequivocally waive its removal rights: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue in the contract." *New Orleans*, 376 F.3d at 504.

*Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443; 2009 A.M.C. 1927, 1929 (5th Cir. 2009).  *See also Alliantgroup, L.P. v. Feingold*, 2009 U.S. Dist. LEXIS 16086, *10, n. 2 (S.D. Tex. Mar. 2, 2009) [App. Tab 1 at p. 3].

The Policy does not explicitly state that Underwriters waive their removal rights, nor does it establish an exclusive venue for disputes. *See Ensco*, 579 F.3d at 445 and 446 (holding that neither the nearly identical service of suit clause considered in *McDermott* or a similar

clause considered in *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991) were explicit waivers of the right to remove.)

Benchmark therefore argues that the Service Of Suit clause somehow waives Underwriters' right to remove because it allows both parties to choose the venue. *See Ensco*, 579 F.3d at 445 (noting that the service of suit clause in *McDermott,* "because it allowed one party to select a venue—<u>superficially appears consistent</u> with the second of the three *New Orleans* bases for waiver") (emphasis added).

Contrary to Benchmark's argument:

> "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another.  For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and <u>must clearly demonstrate the parties intent to make that jurisdiction exclusive.</u>"  *New Orleans*, 376 F.3d at 504.

> *New Orleans*, then, explains why the *McDermott* contract was not deemed a waiver.  In fact, the *McDermott* court could have used this very language when it explained that the forum selection clause it interpreted was a waiver of only personal jurisdiction. The *McDermott* contract allowed McDermott to select venue, but it was not an exclusive venue; <u>*New Orleans* explains that such a venue-selection provision would not be sufficient as a waiver in any case, Convention or not.</u>

Ensco, 579 F.3d 447-448; 2009 AMC at 1935-1936 (emphasis added).  *See also* 16 Couch on Ins. 3d § 228.14 ("A liability insurance policy provision that the underwriters would, at the request of the insured, submit to the jurisdiction of any court of competent jurisdiction and would comply with all requirements necessary to give the court jurisdiction is a permissive 'service of suit provision' or 'consent to jurisdiction provision,' rather than a mandatory and exclusive 'forum selection clause'") [App. Tab 3 at p. 13].

The *Ensco* decision confirms that the service of suit clause in *McDermott* (virtually identical to the Service Of Suit clause in the Policy herein) allowed McDermott to select the

venue, but did not provide an exclusive venue.  As in *McDermott*, the Service Of Suit clause

herein "would not be sufficient as a waiver in any case."

      The *McDermott* court explained its rationale:

> The service-of-suit clause does not explicitly waive Underwriters'
> removal rights.   It requires Underwriters to "submit to the
> jurisdiction of any court [chosen by McDermott]," "comply with
> all requirements necessary to give such Court jurisdiction," and
> "abide by the final decision of such Court."  It also decrees that
> "all matters arising hereunder shall be determined in accordance
> with the law and practice of [the court chosen by McDermott]."
> Underwriters' exercise of its federal removal rights is not
> necessarily inconsistent with any of its obligations under the
> service-of-suit clause.  Underwriters may remove a case after
> submitting to the jurisdiction of Louisiana's courts and complying
> with all necessary requirements to give Louisiana's courts power
> over the suit.  There would be no final decision in that court for
> Underwriters to abide by if it exercised its removal right.  All
> matters would be determined in accordance with the practice and
> law of the court chosen by McDermott in the sense that all state
> courts follow the removal law established by Congress.

*McDermott* 944 F.2d at 1206. *Accord Southland Oil Co., Inc. v. Mississippi Ins. Guar. Assoc.*,

182 Fed. Appx. 358, 361 (5th Cir. 2006) [App. Tab 2 at p. 11] *and In re Delta America Re Ins.*

*Co.*, 900 F.2d 890, 893 (6th Cir. 1990), *cert. denied sub nom, Wright v. Arion Ins. Co.,* 498 U.S.

890, 111 S. Ct. 233, 112 L. Ed. 2d 193 (1990).

      As the Service Of Suit clause does not clearly and unequivocally waive Underwriters'

removal rights, remand is improper. *McDermott*, 944 F.2d at 1212-1213 ("federal courts have

refused to find a contractual waiver of removal rights absent a 'clear and unequivocal'

expression of intent to waive those rights."). *See also Ensco*, 579 F.3d at 443; 2009 A.M.C. at

1929, *citing City of New Orleans,* 376 F.3d at 504.

      Benchmark attempts to distinguish the Fifth Circuit's ruling in *McDermott* by incorrectly

limiting its holding to cases involving the Convention on the Recognition and Enforcement of

Foreign Arbitral Awards.  But the Fifth Circuit rejected Benchmark's improper reading, noting that its waiver analysis in *McDermott* is "almost indistinguishable" from its analysis in *New Orleans*, in which the waiver claim was based upon a forum selection clause.  *Ensco*, 579 F.3d at 447-448, 2009 AMC at 1935.

Benchmark's reliance on *Nutmeg Ins. Co.*, 931 F.2d 13, is also misplaced.  As discussed *infra*, and explained in *McDermott*, the *Nutmeg* Court's decision that a similar service-of-suit clause was not a consent to jurisdiction clause was based upon the fact that all parties were domestic entities. 944 F.2d at 1207. *Accord Southland Oil Co., Inc.*, 182 Fed. Appx. at 361 ("Our precedent is clear: a service-of-suit clause been given the construction [that the clause merely submits the insurer to jurisdiction] only where the insurer is a foreign entity") [App. Tab 2 at p. 11].  Here, defendant  Underwriters are foreign entities and the reason for the Service Of Suit clause is to consent to jurisdiction to meet the regulatory obligation to submit to jurisdiction in the United States rather than cause an insured to pursue a remedy in a foreign court where Underwriters are.  It does not waive Underwriters' right to remove.

Underwriters have not waived their right to remove and removal was proper. Benchmark's motion should be denied.

## II.    The Service Of Suit Clause Merely Provides That Underwriters Consent To Jurisdiction; It Does Not Confer a Specific Court

The *McDermott* Court recognized the importance and value of the Service Of Suit clause as it was intended—as a consent to personal jurisdiction by foreign entities. 944 F.2d at 1206, n. 10, *citing Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1361 (10th Cir. 1971); *Southland Oil Co., Inc.*, 182 Fed. Appx. at 361 [App. Tab 2 at p. 11]; *Ace Ins. Co. v. Zurich American Ins. Co.*, 59 S.W.3d 424, 429 (Tex. App.—Houson [1st Dist.] 2001, pet. denied) ("existing case law…is in

agreement with a conclusion that a service-of-suit clause like the one in the present case operates as a consent to personal jurisdiction.") *and* 16 Couch on Ins. 3d § 228.14 [App. Tab 3 at p. 13].

The Service Of Suit clause fulfills the regulatory requirement that the foreign Underwriters make themselves available to suit in the United States when insuring a risk here.  3 Couch on Ins. 3d §  3:26 explains that generally:

> In order to obtain a license to do business in the state, a foreign insurer commonly has a statutory obligation to appoint a person or designate a state officer as its agent for service of process or papers in litigation within the state.  Such statutes are made specifically applicable to foreign insurance companies and foreign insurers are generally held not to fall within similar general statutes that pertain to all foreign corporations.  In the absence of statutory provision, no particular formality is required for the appointment or designation of the agent to receive service of process.

[App. Tab 4 at p. 15-17].

The Texas Insurance Code defines "alien insurance companies" to include unincorporated insurance companies organized under the laws of a foreign country, such as the Underwriters herein.  *See* TEX. INS. CODE *§ 982.001(2) and Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857-859 (5th Cir. 2003) (explaining the operation of the Lloyd's of London insurance market).  Texas has codified an alien insurer's obligation to make themselves available to suit. *See* TEX. INS. CODE *§ 804.103 and § 982.303*.  The National Association of Insurance Commissioners has promulgated Model Laws that also contemplate a foreign insurer's obligation to make themselves amenable to suit in the United States. *See NAIC Model Laws, Regulations and Guidelines 870-1, § 9* [App. Tab 5 at p. 20-21].

The Service Of Suit clause complies with this statutory obligation by agreeing that Underwriters are subject to suit in any court that has jurisdiction over the matter, i.e. "any Court of competent jurisdiction within the United States…."  Indeed, the intent to comply with the varied state requirements is confirmed by the final paragraph identifying the relevant state

10

Commissioner of Insurance as Underwriters' agent for service of process if a particular state's law requires. *See* TEX. INS. CODE *§ 804.103(c)* (The commissioner of insurance is an alien insurer's agent for service if the insurer fails to appoint an agent).

The value of the Service Of Suit clause as a consent to jurisdiction is apparent. Benchmark itself operates worldwide and alleges that the cargo that is the subject of the dispute was damaged during shipment from Benchmark's facility in Singapore to its facility in Texas. [Docket No. 1-1, Benchmark Amended Petition, at p. 41, ¶3, and p. 42 at ¶14]. The Underwriters Benchmark sued are foreign entities based in Lloyds of London. For example, the lead underwriter, Syndicate 1221, is listed with the Texas Department of Insurance as an alien insurer based in the United Kingdom. [Docket No. 4, Defendants' Disclosure of Interested Parties]. *See* https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=9059029&company Name=Lloyd'S%20of%20London%20Syndicate%20#1221&sysTypeCode=SL. [App. Tab 6 at p. 22]. Further, Syndicate 1221 is managed by Navigators Underwriting Agency Limited, a corporate entity registered and operating in the United Kingdom. *See* http://marketdirectories.lloyds.com/BuildPages.aspx?Page=4&Agent=14 [App. Tab 7 at p. 26]. *See generally Corfield*, 355 F.3d at 857-859.

Underwriters agreement in the Service Of Suit clause to consent to jurisdiction in the United States is substantial. Without the clause, Benchmark could be required to bring suit in the United Kingdom or in multiple jurisdictions where the various underwriters on the Policy may be located. *See generally Corfield*, 355 F.3d at 857-859. Some Syndicate Names may be subject to jurisdiction in a particular venue, while others will not be subject to jurisdiction.

Further, given Benchmark's worldwide operations, absent the Service Of Suit clause, a particular dispute may be properly venued elsewhere in the world. Instead, as explained in

11

*McDermott*, Underwriters agreed to consent to the jurisdiction of a court of competent jurisdiction. Benchmark's attempt to contort the Service Of Suit clause to deprive Underwriters' of the right to properly remove a case to federal court is inconsistent with clause's plain language and this Circuit's established precedent, and ignores the statutory requirement for the clause. The Service Of Suit clause is, consistent with its plain language, a consent to jurisdiction and an appointment of an agent for service; it is not a forum selection clause.

Finally, the fact that the Service Of Suit clause designates an agent for service of process in the United States confirms that the Service Of Suit clause is only a consent to jurisdiction. If the Underwriters were unquestionably subject to jurisdiction in the United States, the designation of an agent would be unnecessary and the language surplusage.

## III.    Alternatively, Assuming the Case is Remanded, Benchmark Is Not Entitled To Costs And Expenses

As removal was proper, Benchmark cannot claim for costs or expenses. 28 U.S.C. § 1447 (c) ("An order <u>remanding</u> the case may require payment of just costs…") (emphasis added).

Even assuming remand was appropriate, Benchmark's claim for costs and expenses flaunts settled precedent. Benchmark misguidedly argues that 28 U.S.C. § 1447 (c) entitles it to recover costs and expenses.

But Benchmark's motion to remand is based entirely upon the Policy's Service Of Suit clause, not § 1447 (c). If the Court decides to remand the case, Benchmark has no basis to claim its costs or expenses. *Ferrari, Alvarez, Olsen & Ottoboni v. The Home Insurance Co.*, 940 F.2d 550, 555 (9th Cir. 1991). 16-107 Moore's Federal Practice – Civil § 107.41 [3][a][1] explains:

> The court may award the prevailing plaintiff costs and expenses only if the remand is based upon on a procedural defect or lack of subject matter jurisdiction. Thus, <u>a plaintiff is not entitled to fees and costs if the remand is based upon a non-statutory ground such as a forum selection clause</u> that designates state court as the only proper venue.

12

(emphasis added) [App. Tab 8 at p. 27].

§ 1447 (c) provides that a case may be remanded "on the basis of any defect" in removal or jurisdiction and that costs and fees "may" be awarded in a remand order.  The Fifth Circuit and at least four other Circuit Courts have all confirmed that enforcing a forum selection clause is not a "defect" in jurisdiction. *McDermott*, 944 F.2d at 1201. *See Kamm v. Itex Corp.*, 568 F.3d 752, 756 (9th Cir. 2009); *Cook v. Wikler*, 320 F.3d 431, 435 n. 5 (3d Cir. 2003); *Autoridad de Energia Electrica de P.R. v. Ericcson Inc.*, 201 F.3d 15, 17 (1st Cir. 2000); *and Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999).

The Eleventh Circuit explained:

> As is apparent from the text, § 1447 (c) implicitly recognizes two bases upon which a district court may—and in one case must— order remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction.  Because the first ground dealing with subject matter jurisdiction is not at issue here, the key term we must give effect is defect.
>
> ***
>
> The failure to comply with these express statutory requirements for removal can fairly be said to render the removal "defective" and justify a remand pursuant to § 1447 (c).
>
> ***
>
> Other grounds for remand exist, however, that are external to the removal process and do not depend on any defect in the removal itself.  The most common examples of these grounds arise in the context of forum selection clauses, abstention, and supplemental jurisdiction.  A remand based on a forum selection clause depends on an adjudication of the meaning of the clause, a determination that is external to the removal process.  The ultimate determination that the clause does not permit further adjudication in that particular federal forum does not render removal "defective" in any ordinary sense of the word; it merely means that the federal

13

court has held the parties to the terms of their agreement, as with any other contractual adjudication.

\*\*\*

We conclude that, under the most reasonable reading of the statute, a remand based on a "defect" does not encompass one premised on a court's interpretation of a forum selection clause.

*Snapper*, 171 F.3d at 1252-1253. *Accord Kamm*, 568 F.3d at 756:

> The existence of such a [forum selection] clause does not render removal "defective" as we have understood that term in our cases decided under § 1447 (c).  Instead, a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367 (c).

*See also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 1914, 32 L. Ed. 2d 513 (1972) (expressly holding that the interpretation of a forum selection clause is not a jurisdictional determination and therefore cannot affect a court's subject matter jurisdiction) and 16-107 Moore's Federal Practice – Civil § 107.18 [1][e] ("The determination [of the enforceability of a forum selection clause] is a substantive decision on the merits apart from the jurisdictional decision.") [App. Tab 9 at p. 29]

In *Ferrari*, as in this case, the plaintiff offered only one argument in favor of remand—that although the court had jurisdiction, it should enforce a forum selection agreement and not exercise its jurisdiction. 940 F.2d at 553.  Recognizing that the only basis for awarding costs and expenses is the statutory authority of 1447 (c) and that 1447 (c) simply did not apply, the Ninth Circuit rejected the claim for costs and expenses. *Id.* at 555.

14

Here, jurisdiction is not defective.  Benchmark concedes that this Court has diversity jurisdiction and admiralty jurisdiction. *Morrison*, 632 F.2d at 428, n. 4.  Even if the Service Of Suit clause were a forum selection clause, which it clearly is not, remand premised upon the Service Of Suit clause cannot be a "defect" in jurisdiction and Benchmark has no basis to recover its costs and expenses.

Further, even presuming that 1447(c) applied and that remand was appropriate, the award of costs and expenses is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136; 126 S. Ct. 704, 709; 163 L. Ed. 2d 547, 552-553 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447 (c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.,* 546 U.S. at 141.

Underwriters removal was, at a minimum, objectively reasonable.  Benchmark concedes that jurisdiction is proper.  With respect to the Service Of Suit clause relied upon by Benchmark, the Fifth Circuit's opinions in *McDermott*, *Ensco* and *Southland*, as well as the Sixth Circuit's opinion in *In re Delta America Re Ins. Co.*, confirm that similar service of suit clauses have been held not to waive any right to remove.

Notably, Benchmark relies only upon District Court opinions decided prior to the *Ensco* decision and from another Circuit in support of its claim for costs and expenses.  These cases do not represent the law of this Circuit and/or have been superseded by *Ensco* and should be disregarded.

Benchmark has no basis to claim costs and expenses.  Its motion should be denied.

## CONCLUSION

Underwriters request that this Court deny Benchmark's motion to remand and for costs and expenses in its entirety.

Respectfully submitted,

DUANE MORRIS, LLP

Dated:  July 1, 2011                    By *s/ R. Brandon Bundren*
                                       James W. Carbin
                                       Attorney-in-Charge
      New York Bar No. 1656487
      New Jersey Bar No. 86182
      Federal I.D. No. 352246
      JWCarbin@duanemorris.com
      Duane Morris LLP
      744 Broad Street, Suite 1200
      Newark, New Jersey 07102-3889
      Tele:        973.424.2035
      Fax:         973.556.1144

      R. Brandon Bundren
      Texas Bar No. 24050353
      Federal I.D. No. 608098
      RBBundren@duanemorris.com
      Duane Morris, LLP
      1330 Post Oak Blvd., Suite 800
      Houston, Texas 77056
      Tele:        713.402.3910
      Fax:         713.402.3901

      ATTORNEYS FOR DEFENDANTS FALVEY
      CARGO UNDERWRITING, LTD and CERTAIN
      UNDERWRITERS AT LLOYD'S OF LONDON
      SUBSCRIBING TO POLICY NO. MC 2336

DM1\2713172.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July 2011, a true and correct copy of **DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO REMAND** was served via Notice of Electronic Filing via this Court's CM/ECF system as well as via certified mail, return receipt requested as follows:

John R. Gilbert
Eric T. Furey
222 North Velasco
Angleton, Texas 77515

Rikke Dierssen-Morice
90 South 7th Street, Suite 2200
Minneapolis, MN 55402

*Attorneys for Plaintiff*

s/ R. Brandon Bundren
R. Brandon Bundren